```
 1  BROWN, WEGNER & BERLINER LLP
    Matthew A. Berliner (SBN 224384)
 2  mberliner@bwb-lawyers.com
    William J. Brown, Jr. (SBN 192950)
 3  bill@bwb-lawyers.com
    Janet S. Park (SBN 263511)
 4  jpark@bwb-lawyers.com
    2603 Main Street, Suite 1050
 5  Irvine, CA 92614
    Tel: 949-705-0080  Fax: 949-794-4099
 6
    Attorneys for Defendant 3PL Systems, Inc.
 7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. MITCHELL, III, an individual, | Case No.: SACV11-00534 AG(ANx) |
| Plaintiff, | Hon. Andrew J. Guilford<br>Courtroom 10D |
| v. | |
| 3PL SYSTEMS, INC., a California Corporation, | **DEFENDANT'S ANSWER TO COMPLAINT** |
| Defendants. | |

Defendant 3PL SYSTEMS, INC. ("Defendant" or "3PL SYSTEMS"), by and through its attorneys of record, hereby submits its answer to Plaintiff WALTER L. MITCHELL, III ("Plaintiff" or "MR. MITCHELL")'s Complaint For Copyright Infringement and Other Relief ("Complaint"), as follows:

### NATURE OF ACTION

1.  Paragraph 1 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 1.

### THE PARTIES

2.  Admit.

1

3. Admit.

4. Paragraph 4 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 4.

5. Admit.

6. Defendant admits that 3PL SYSTEMS resides in this district. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7 in its entirety.

8. Defendant admits that in 2002, Messrs. Meskin and Thone purchased the Freightsaver.com software framework, and is now operating another corporation named DTM Services Inc. dba Diversified Transportation Services. Defendant admits that Exhibit A attached to the Complaint is a true and correct copy of the document entitled "Letter of Understanding" for the Freightsaver Software Program Proposal. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 8.

9. Defendant admits that in October 2003, MR. MITCHELL and Mr. Meskin entered into a "Letter of Understanding" regarding a "Software Development Proposal" wherein Messrs. MITCHELL, Meskin and Thone would become owners of a new enterprise. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10 in its entirety.

11. Defendant denies that MR. MITCHELL legally owns the Software, all of the exclusive copyrights therein and is entitled to copyright protection. Defendant lacks sufficient knowledge or information to form a belief as to the truth

or falsity of the rest of the allegations contained in Paragraph 11 and, therefore, denies the rest and remainder of Paragraph 11.

12. Defendant admits that on or about June 1, 2005, MR. MITCHELL, Marc Meskin and Robby Thone incorporated 3PL SYSTEMS under the laws of the State of California. Except as expressly admitted herein, Defendant denies the rest and remainder of Paragraph 12.

13. Admit.

14. Admit.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 and, therefore, denies the entirety of Paragraph 15.

16. Defendant admits that in or about November 2007, Plaintiff was an employee of Defendant. Defendant admits that from June 2005 to the present, Defendant has used the Software in the operation of its business. Defendant denies that on or about March 17, 2011, Defendant discharged Plaintiff's employment without good cause and terminated its license for the Software. Defendant admits that Defendant continues to use, sell and offer to sell TMS to customers. Defendant admits that it now refers to TMS by the name "BrokerWare."

17. Defendant denies the allegations contained in Paragraph 17 in its entirety.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Copyright Infringement)

18. In answer to Paragraph 18, Defendant incorporates and realleges its specific answers to all preceding Paragraphs, as if set forth within.

19. Defendant denies the allegations contained in Paragraph 19 in its entirety.

20. Defendant denies the allegations contained in Paragraph 20 in its entirety.

21. Defendant denies the allegations contained in Paragraph 21 in its entirety.

22. Defendant denies the allegations contained in Paragraph 22 in its entirety.

23. Defendant denies the allegations contained in Paragraph 23 in its entirety.

24. Defendant denies the allegations contained in Paragraph 24 in its entirety.

25. Defendant denies the allegations contained in Paragraph 25 in its entirety.

26. Defendant denies the allegations contained in Paragraph 26 in its entirety.

## Second Claim for Relief

### (Unfair Competition)

27. In answer to Paragraph 27, Defendant incorporates and realleges its specific answers to all preceding Paragraphs, as if set forth within.

28. Defendant denies the allegations contained in Paragraph 28 in its entirety.

## Third Claim for Relief

### (Unfair Competition)

29. In answer to Paragraph 18, Defendant incorporates and realleges its specific answers to all preceding Paragraphs, as if set forth within.

30. Defendant denies the allegations contained in Paragraph 30 in its entirety.

///

CASE NO. SACV11-00534 MLG
DEFENDANT'S ANSWER TO COMPLAINT

## PRAYER FOR RELIEF

A. Answering Paragraph A in this section, Defendant denies Plaintiff is entitled to any relief requested.

B. Answering Paragraph B in this section, Defendant denies Plaintiff is entitled to any relief requested.

C. Answering Paragraph C in this section, Defendant denies Plaintiff is entitled to any relief requested.

D. Answering Paragraph D in this section, Defendant denies Plaintiff is entitled to any relief requested.

E. Answering Paragraph E in this section, Defendant denies Plaintiff is entitled to any relief requested.

F. Answering Paragraph F in this section, Defendant denies Plaintiff is entitled to any relief requested.

G. Answering Paragraph G in this section, Defendant denies Plaintiff is entitled to any relief requested.

H. Answering Paragraph H in this section, Defendant denies Plaintiff is entitled to any relief requested.

I. Answering Paragraph I in this section, Defendant denies Plaintiff is entitled to any relief requested.

J. Answering Paragraph J in this section, Defendant denies Plaintiff is entitled to any relief requested.

K. Answering Paragraph K in this section, Defendant denies Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendants allege the following separate and distinct affirmative defenses, without conceding that they bear the burden of proof or persuasion as to any of them:

///

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Cause of Action)

Plaintiff's Complaint and each purported cause of action set forth therein, fails to allege facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE
## (Statute of Limitations)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred to the extent Plaintiff seeks to recover damages for acts occurring beyond the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE
## (Estoppel)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

Plaintiff's Complaint, and each purported cause of action set forth therein, are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
## (Consent)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred to the extent Plaintiff consented to any of the conduct that is now the subject of Plaintiff's Complaint.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Causation)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred because Plaintiff has not suffered any damages as a result of any acts or omissions by Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's recovery under the Complaint should be barred, or reduced, to the extent Plaintiff failed to mitigate his damages as required by law.

## NINTH AFFIRMATIVE DEFENSE

### (Set-Off)

Plaintiff's recovery under the Complaint should be barred, or reduced, to the extent Defendant has claims and have been injured as the result of Plaintiff's actions or omissions.

## TENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's recovery under the Complaint should be barred, or reduced, to the extent Plaintiff failed to avoid harm that he could have avoided with reasonable efforts or expenditures.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred to the extent they are predicated upon events, incidents, acts, or omissions of Defendant that were privileged.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's Complaint and many purported causes of action set forth therein, are barred by the doctrine of Fair Use pursuant to 17 U.S.C. § 107.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's Complaint and many purported causes of action set forth therein, are barred because he no longer has standing to pursue his claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (License)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred to the extent they are predicated upon events, incidents, acts, or omissions of Defendant that were licensed.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Joint Authorship)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred to the extent they are predicated upon events, incidents, acts, or omissions of Defendant that were jointly authored by Defendant and Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Ownership)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred to the extent they are predicated upon events, incidents, acts, or omissions of Defendant that were owned by Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Plaintiff's Complaint and each purported cause of action set forth therein, are barred due to Plaintiff's misuse of Copyright, and Plaintiff's unfair claim to rights not properly granted by the Copyright Office.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiff's Complaint and each purported cause of action set forth therein, are preempted by the Copyright Act pursuant to 17 U.S.C. § 101, *et seq.*, and are

1 | therefore barred.

2 | WHEREFORE, Defendant prays that:

3 | 1. Plaintiff take nothing by his Complaint, and that Judgment be entered in favor of Defendants against Plaintiff;

5 | 2. Defendant be awarded its costs of suit incurred in this action;

6 | 3. Defendant be awarded its attorneys' fees incurred in this action; and

7 | 4. Defendant be awarded such other relief as the Court deems just and proper.

DATED: May 27, 2011          BROWN, WEGNER & BERLINER LLP


By: /s/ Matthew A. Berliner
    Matthew A. Berliner
    William J. Brown
    Janet S. Park
    Attorneys for Defendant
    3PL Systems, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service of documents are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rules.

/s/ Matthew A. Berliner
Matthew A. Berliner