BROWN, WEGNER & BERLINER LLP
Matthew A. Berliner (SBN 224384)
mberliner@bwb-lawyers.com
Janet S. Park (SBN 263511)
jpark@bwb-lawyers.com
2603 Main Street, Suite 1050
Irvine, CA 92614
Tel: 949-705-0080  Fax: 949-794-4099

Attorneys for Defendant/Cross-Complainant
3PL Systems, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. MITCHELL, III, an individual, <br><br>        Plaintiff, <br><br>   v. <br><br> 3PL SYSTEMS, INC., a California Corporation, <br><br>        Defendants. | Case No.: SACV11-00534 AG(ANx) <br><br> Hon. Andrew J. Guilford <br> Courtroom 10D <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF 3PL SYSTEM INC.'S EX PARTE APPLICATION FOR AN ORDER GRANTING EXPEDITED DISCOVERY  BEFORE RULE 26 CONFERENCE OR IN THE ALTERNATIVE AN ORDER SHORTENING TIME ON A MOTION FOR EXPEDITED DISCOVERY** |
| ALL RELATED CROSS ACTIONS | |

## I.    **INTRODUCTION**

Defendant/Cross-Complainant 3PL SYSTEMS, INC. ("3PL") is seeking to expedite the discovery process by three weeks due to Cross-Defendants' actions causing 3PL irreparable injury to its business, as well as issues involving continuing infringement of a copyright. 3PL seeks additional evidence in order to prepare a preliminary injunction against Cross-Defendants, and hereby requests the Court's leave to propound discovery requests and depose Plaintiff/Cross-Defendant WALTER L. MITCHELL, III ("Mitchell").

Federal Rule of Civil Procedure 26(d)(1) provides that no discovery shall commence before the conference of the parties twenty-one days before the initial scheduling conference. The initial scheduling conference in this case is currently set for August 1, 2011. Under Rule 26(d), 3PL may begin propounding discovery requests upon Cross-Defendants twenty-one days prior, on July 11, 2011, the date by which the parties are to confer in preparation for the conference. 3PL seeks to advance the propounding of *limited* discovery by approximately 3 weeks. Plaintiff also seeks to shorten the response time for production of documents and depositions from certain Cross-Defendants to ten days.

Alternatively, 3PL is requesting that this Court shorten the time for hearing on a noticed motion for expedited discovery pursuant to Local Rule 6-1 ("The Court may order a shorter time [on notice and service of motion]."). If 3PL brings a regular noticed motion for expedited discovery, 3PL will need to wait another 4 weeks, essentially making 3PL's motion moot. 3PL is continually being harmed by the actions of Cross-Defendants. In order to get any relief, 3PL requires more evidence in order to file a preliminary injunction against Cross-Defendants.

As shown below, there exists good cause for this Court to grant 3PL's request for expedited discovery.

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER
GRANTING EXPEDITED DISCOVERY OR IN THE ALTERNATIVE AN ORDER SHORTENING TIME

## II.   BACKGROUND FACTS

During the time period of 2000 through March 17, 2011, Plaintiff/Cross-Defendant Mitchell was employed by 3PL. *See* 3PL's Cross-Complaint ¶16. Mitchell was hired by 3PL to further develop a software package ("the software") that aids in transportation management for freight companies. Cross-Complaint ¶ 15. Before Mitchell was hired by 3PL, Mitchell worked for a car-manufacturing company, and had no knowledge of freight transportation management systems. At some point during 2005 to 2011, during his employment with 3PL, Mitchell decided to implement a scheme to steal 3PL's software and 3PL's customers in order to start a competing business. His scheme involved wrongfully registering the software under his name with the U.S. Copyright Office in 2005, then stealing 3PL's confidential customer lists and proprietary information from 3PL's computer systems, contacting 3PL customers without authorization, and eventually forming his own company and soliciting 3PL customers away from 3PL. Cross-Complaint ¶¶ 23-27. After Mitchell was fired on March 17, 2011, Mitchell hired two of 3PL's employees for the purpose of helping Mitchell with his newly formed competing company TRINNOS TECHNOLOGIES, INC. ("Trinnos"). Cross-Complaint ¶ 35. These former 3PL employees who are helping Mitchell are current Cross-Defendants JONATHAN LANSAGAN ("Lansagan") and CHRISTOPHER VINCIGUERRA ("Vinciguerra"). 3PL believes that Lansagan and Vinciguerra were actually working for and on Mitchell's behalf prior to leaving 3PL employment. Upon their departure, Lansagan and Vinciguerra deleted their emails and other electronically stored files from 3PL's computer systems. Cross-Complaint ¶ 115.

Inn March 2011, after Mitchell's employment with 3PL was terminated for wrongful conduct, Mitchell hacked into 3PL's computer systems and deleted 3PL's computer files, tampered and altered 3PL's computer files, blocked access to 3PL's

1  computer system, and sent unauthorized emails from 3PL's email server to third
2  parties. Cross-Complaint ¶ 31.

3      In furtherance of his scheme, Mitchell immediately thereafter filed his
4  Copyright Infringement lawsuit against 3PL in order to get a judicially determined
5  taking of the software that was developed for 3PL and owned by 3PL, and also to
6  harass and cause 3PL's business to be further disrupted. Mitchell's complaint filed
7  on April 7, 2011 is the original complaint that forms the start of this litigation.

8      About one month later, in May 2011, 3PL learned that Mitchell was
9  soliciting business from 3PL's current customers. 3PL received notice from a
10  significant amount of their current customers that they were terminating their
11  licensing agreements with 3PL and taking their business to Trinnos. According to
12  3PL's customers, Trinnos was offering a software package identical to 3PL's
13  software package. This software package is the main product marketed and sold by
14  3PL. Trinnos' unauthorized use and licensing to third parties has been and is
15  currently causing irreparable damage to 3PL. 3PL has been and is continually
16  facing irreparable harm to its business due to Cross-Defendants' actions, including
17  loss of revenue, loss of customers, loss of reputation and goodwill, and loss in
18  value. 3PL seeks expedited discovery in order to find out the extent of knowledge
19  of its previous employees including the extent of confidential information in the
20  possession of its former employees, and the extent of any future damage that could
21  be done to 3PL by Cross-Defendants. 3PL also anticipates seeking a preliminary
22  injunction against Cross-Defendants.

23  **III.  ARGUMENT**

24      There exists good cause for 3PL's request for expedited discovery. "[C]ourts
25  may permit expedited discovery before the Rule 26(f) conference upon a showing
26  of good cause." *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F.Supp.2d
27  1160, 1179 (C.D. Cal. 2008); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D.
28  273, 276 (N.D. Cal. 2002); *see also Qwest Commc'ns Int'l, Inc. v. WorldQuest*

1   *Networks, Inc.* 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking expedited

2   discovery in advance of [the] Rule 26(f) conference has the burden of showing

3   good cause for the requested departure from usual discovery procedures.") Courts

4   within the Ninth Circuit may use the "good cause" standard to determine whether to

5   permit expedited discovery. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208

6   F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for

7   expedited discovery, in consideration of the administration of justice, outweighs the

8   prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

9       In determining whether good cause justifies expedited discovery, courts

10   consider factors including: "(1) whether a preliminary injunction is pending; (2) the

11   breadth of the discovery requests; (3) the purpose for requesting the expedited

12   discovery; (4) the burden on the defendants to comply with the requests; and (5)

13   how far in advance of the typical discovery process the request was made."

14   *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009).

15       Here, all of the factors tip in 3PL's favor. Although no motion for

16   preliminary injunction is pending, Courts have found that expedited discovery may

17   be justified to allow a party to determine whether to seek an early injunction. *Apple*

18   *Inc. v. Samsung Electronics Co., Ltd.* 2011 WL 1938154, at *2 (N.D. Cal. 2011);

19   *see also Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09–05812 JW (PVT),

20   2010 WL 143665, at *2 (N.D. Cal. 2010)("Expedited discovery will allow plaintiff

21   to determine whether to seek an early injunction."). 3PL anticipates seeking a

22   preliminary injunction but needs additional evidence in support of enjoining Cross-

23   Defendants. This evidence needs to be discovered expediently due to 3PL

24   continually facing damage stemming from Cross-Defendants' actions.

25       3PL's discovery requests are narrowly drawn. As explained below, 3PL's

26   Request for Production of Documents and Things asks for information pertaining to

27   3PL's customers and Trinnos' software package, which narrowly relate to 3PL's

28   damages to date and potential damages in the near future. The proposed Request for

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER GRANTING EXPEDITED DISCOVERY OR IN THE ALTERNATIVE AN ORDER SHORTENING TIME

for Production of Documents and Things to Trinnos and Mitchell are attached herein as Exhibit "B." Also, 3PL's Notice of Deposition is narrowly drawn, seeking information regarding 3PL's customer information and software package only, from Mitchell only. The proposed Notice of Deposition for Mitchell is attached herein as Exhibit "C."

3PL's purpose in seeking expedited discovery is to quickly prevent further damage to its business. 3PL has been and continues to be irreparably harmed by Cross-Defendants, and 3PL needs to be enabled to more fully develop the evidence prior to the conduct of a preliminary injunction hearing. 3PL should have the opportunity to supplement a complete evidentiary record prior to seeking a preliminary injunction. Also, expedited discovery is vital in determining the scope of fraud and damage done to 3PL. Accordingly, 3PL requests documents and depositions on notice of 10 days, with notice as provided as noted in the next section.

The burden on the Cross-Defendants is very light and almost non-existent. Mitchell first brought his lawsuit with full knowledge of the aspects of 3PL's software program, and the implication of initiating litigation. Mitchell cannot claim that he is not ready for discovery requests and depositions when he filed his lawsuit in April 7, 2011. All Cross-Defendants should have all the information they need in their immediate possession in order to respond to 3PL's discovery requests and should not need additional time to prepare for depositions. Cross-Defendants cannot claim any prejudice or surprise.

The start of official discovery commences in July 11, 2011. 3PL is only asking for approximately 3 weeks advance of the start of discovery, and for the narrow purpose of finding out the extent that they can be damaged.

Further, this case involves sophisticated parties and counsel who have had ongoing communications regarding the software dispute between the parties and the possibility of expedited discovery. 3PL's counsel has given previous notice to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER GRANTING EXPEDITED DISCOVERY OR IN THE ALTERNATIVE AN ORDER SHORTENING TIME

Mitchell's counsel that 3PL will seek expedited discovery. Declaration of Berliner ¶ 2; Exhibit "A." Mitchell knew that 3PL will seek expedited discovery since June 2, 2011. *See Semitool*, 208 F.R.D. at 276–77 (indicating that relevance of the discovery requested, sophistication of parties and counsel, prior notice of discovery requests, and facilitation of case management support a request for expedited discovery). Expedited discovery would allow the Court to address any request for preliminary injunctive relief at the very beginning of this case, thereby facilitating case management and moving the case along. The limited discovery requests proposed by 3PL are directly relevant to the claims in the case at hand. No other discovery has been propounded.

Thus, all of the factors that this Court may consider tip in favor of granting 3PL's request for expedited discovery, which should therefore be granted.

## IV.  PROPOSED EXPEDITED DISCOVERY

### A.  EXPEDITED PRODUCTION OF DOCUMENTS AND THINGS TO TRINNOS TECHNOLOGY LLC for the following:

All customer lists; all communications to and from customers from March 17, 2011 to the present; all invoices to customers; communications between its employees; a sample licensing agreement for its transportation management software package to its customers; and a digital copy of its transportation management software package being licensed to its customers. *See* Exhibit "B."

3PL requests that Trinnos be required to respond to 3PL's Request for Production of Documents and Things on or before 10 days after the date of the Court's execution of an order granting 3PL's application.

### B.  EXPEDITED PRODUCTION OF DOCUMENTS AND THINGS TO TRINNOS TECHNOLOGY LLC for the following:

All documents Mitchell took from 3PL; all communications between Mitchel and 3PL's customers from January 1, 2011 to the present; communications between Mitchell and Trinnos' employees; a sample licensing agreement for his

7

1  transportation management software package to Trinnos' customers; a digital copy

2  of Trinnos' transportation management software package being licensed to Trinnos'

3  customers; and documents pertaining to Mitchell's copyright applications. *See*

4  Exhibit "B."

5        3PL requests that Mitchell be required to respond to 3PL's Request for

6  Production of Documents and Things on or before 10 days after the date of the

7  Court's execution of an order granting 3PL's application.

8        **C.    EXPEDITED DEPOSITION OF WALTER L. MITCHELL III**

9  **regarding the following matters:**

10       Information regarding the information taken from 3PL's computer systems;

11 Information regarding 3PL's customers; communications with 3PL's customers;

12 communications with other Cross-Defendants regarding 3PL's software and

13 Trinnos' software; information regarding 3PL's software package; information

14 regarding Mitchell's copyright applications; and information regarding Trinnos'

15 software package. *See* Exhibit "C."

16       3PL requests that Mitchell be ordered to appear for deposition on or before

17 10 days after the date of the Court's execution of an order granting 3PL's

18 application.

19 **V.    THE PARTIES**

20       Pursuant to L.R. 7-19, the name, address, telephone number and email

21 address of all known counsel and *pro se* parties in this litigation are as follows:

22

23

24

25

26 ///

27 ///

28 ///

Attorneys for Plaintiff WALTER L. MITCHELL III:

    Joseph A. Mandour III
    Email: jamandour@mandourlaw.com
    Gordon E. Gray
    Email: ggray@mandourlaw.com
    Ben T. Lila
    Email: blila@mandourlaw.com
    MANDOUR & ASSOCIATES, APC
    16870 West Bernardo Drive, Suite 400
    San Diego, CA 92127
    Tel: 858-487-9300 Facsimile: 858-487-9390

Cross-Defendant TRINNOS TECHNOLOGY LLC in *Pro Se*

    Trinnos Technology LLC's Agent for service of Process
    c/o Nancy B. Hersman, A Law Corporation
    1334 Parkview Ave, #230
    Manhattan Beach, CA 90266
    Telephone: 310-545-7700; Facsimile: 310-545-7095
    Email: nancy@sbblmb.com

Cross-Defendant JONATHAN LANSAGAN in *Pro Se*

    1201 Virtouso
    Irvine, CA 92620
    Telephone: unknown; Facsimile: unknown
    Email: unknown

Cross-Defendant CHRISTOPHER VINCIGUERRA in *Pro Se*

    2635 Goldfinch Drive
    Cedar Park, Texas 78613
    Telephone: unknown; Facsimile: unknown
    Email: unknown

Counsel for 3PL sent a letter to each party notifying them of this ex parte application via facsimile, email, and overnight delivery. Declaration of Berliner ¶¶ 5-7; Exhibits "D," "E," and "F."

## VI.    **CONCLUSION**

For the foregoing reasons, 3PL respectfully requests that the Court issue an order requiring Cross-Defendants to expedite responses to Plaintiff's Request for Production of Documents and Notice of Deposition as attached herein, according to the schedule in the Proposed Order filed herewith.

Alternatively, 3PL seeks an order shortening time for hearing its motion for expedited discovery, setting a hearing date within 10 days of the Court's ruling.

DATED: June 1⁄2, 2011        BROWN, WEGNER & BERLINER LLP


By: _____
Matthew A. Berliner
Janet S. Park
Attorneys for Defendant
3PL Systems, Inc.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER GRANTING EXPEDITED DISCOVERY OR IN THE ALTERNATIVE AN ORDER SHORTENING TIME