UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING MOTION TO DISMISS**

This case arises from a dispute concerning ownership of copyrighted software. Defendant and Cross-Complainant 3PL Systems, Inc. ("Cross-Complainant") filed a Second Amended Cross-Complaint ("SACC") against Plaintiff and Cross-Defendants Walter L. Mitchell, III, Jonathan Lansagan, Christopher Vinciguerra, and Trinnos Technology LLC ("Trinnos") (together, "Cross-Defendants"). Cross-Defendants now file a Motion to Dismiss ("Motion") most of the 18 claims alleged in the SACC. The Court DENIES the Motion in full.

**BACKGROUND**

The following facts come from the SACC, and as it must for purposes of this Motion, the Court assumes them to be true.

In 1990, Marc Meskin and Robby Thone formed a freight transportation brokerage firm called Diversified Transportation Services ("DTS"). (SACC ¶¶ 14.) DTS hired Mitchell to assist in the development of software called Freightsaver.com (the "Software"). (*Id.* ¶ 15.) In 2005, Mitchell, Meskin, and Thone formed Cross-Complainant to develop,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

market, and sell the Software. Cross-Complainant alleges that it fired Mitchell in December 2010, shortly after discovering that he had stolen company funds. (*Id.* ¶¶ 32.)

Cross-Complainant alleges that Mitchell then damaged Cross-Complainant's property, blocked access to its computer files, sent theatening emails to its officers and employees, and caused serious damage to its business. (*Id.* ¶ 35.) Cross-Complainant further alleges that beginning in December 2010, Mitchell and the other Cross-Defendants made false and disparaging statements about Cross-Complainant to its customers. (*Id.* ¶ 38.)

In 2007, Mitchell filed an application with the U.S. Copyright Office claiming to be the sole owner of the Software. Cross-Complainant alleges that in April 2011, Mitchell formed Trinnos to market and sell the Software. (*Id.* ¶ 40.) Mitchell allegedly hired Cross-Complainant's employees, including Lansagan and Viciguerra, to work for Trinnos, and encouraged them to injure Cross-Complainant. (*Id.* ¶¶ 39-40.) Cross-Complainant alleges that it applied for a copyright for the Software in June 2011. (*Id.* ¶ 45.)

In April 2011, Mitchell sued Cross-Complainant asserting copyright infringement and unfair competition claims. In September 2011, Cross-Complainant filed the SACC asserting 18 claims, numbered as follows: (1) violation of the Uniform Trade Secrets Act; (2) Declaratory Judgment; violations of the Stored Wire and Electronic Communications and Transactional Records Access Act; (4) violation of the Computer Fraud and Abuse Act; (5) violation of the Lanham Act; (6) breach of contract; (7) breach of good faith and fair dealing; (8) breach of fiduciary duty; (9) aiding and abetting breach of fiduciary duty; (10) breach of duty of loyalty; (11) negligent misrepresentation; (12) concealment; (13) violation of California Business and Professions Code § 17200; (14) violation of California Business and Professions Code § 17500; (15) copyright infringement; (16) contributory negligence; (17) conversion; and (18) tortious inferences with contract.

Cross-Defendants now move to dismiss claims 1, 5, 6, 10-16, and 18. After reviewing all arguments and papers submitted, the Court DENIES the Motion in full.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

**PRELIMINARY MATTERS**

Cross-Defendants object to four statements made by Janet S. Park in her declaration in support of Cross-Complainant's Opposition to Cross-Defendants' Motion. Cross-Defendants also object to Park's supplemental declaration as untimely. The Court does not rely on any of this evidence in reaching its decision. Thus, the Court need not rule on Cross-Defendants' objections.

**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct at 1940 (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

The Ninth Circuit recently addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

To comply with Fed. R. Civ. P. 9(b), a plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 & n.7 (9th Cir. 1994) (en banc); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (holding that Rule 9(b) requires a plaintiff to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"). Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## ANALYSIS

### 1. GENERAL ARGUMENTS

Cross-Defendants summarily argue that SACC claims 1, 5, 6, 10, 13, 14, 15, 16, and 18 are deficient because they are alleged against all Cross-Defendants in "shotgun" fashion. But Cross-Complainant does not "group[] defendants together without identifying what the particular defendants specifically did wrong." *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456 at *2 (C.D. Cal. 2010). The SACC attributes specific allegations of wrongdoing to each Cross-Defendant, and attributes other allegations to the Cross-Defendants as a group. Accordingly, the Court rejects this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

Cross-Defendants also imply that Cross-Complainant's contract-related claims are deficient because Cross-Complainant did not attach the alleged contracts to the SACC or expressly allege the terms breached. Because Plaintiff provides no support for this two-sentence argument, the Court rejects it.

## 2. CROSS-COMPLAINANT'S SEVENTH CLAIM, FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Cross-Defendants argue that Plaintiffs "*sixth* cause of action for breach of the covenant of good faith and fair dealing" fails to state a claim. (Motion at 4:1-18; Reply 3:21-28.) This argument fails because Cross-Complainant adequately alleges that Cross-Defendants breached their employment, confidentiality, and non-compete agreements. (SACC ¶¶ 109-114.) Cross-Complainant further alleges that Cross-Defendants "implicitly agreed to act in good faith and deal fairly with Cross-Complainant" and breached that implicit agreement by giving Cross-Complainant's proprietary information to Trinnos.

The Court DENIES Cross-Defendants' Motion as to Cross-Complainant's seventh claim, for breach of the covenant of good faith and fair dealing.

## 3. CROSS-COMPLAINANT'S NINTH CLAIM, FOR AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

Cross-Defendants appear to argue that aiding and abetting is not a cause of action recognized by the California Supreme Court. (Motion 4:21-28; Reply 4:4-12.) To support this argument, Cross-Defendants cite *Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503, 510 (1994), a conspiracy case which never once mentions "aiding and abetting."

The Court rejects this confusing and largely irrelevant argument and DENIES Cross-Defendants' Motion as to Cross-Complainant's ninth claim, for aiding and abetting breach of fiduciary duty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

### 4. CROSS-COMPLAINANT'S ELEVENTH CLAIM, FOR NEGLIGENT MISREPRESENTATION

Cross-Defendants argue that Cross-Complainant's negligent misrepresentation claim fails for lack of specificity. *See Edwards*, 356 F.3d at 1066 (holding that Rule 9(b) requires a plaintiff to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"). Cross-Complainant alleges that Mitchell made false representations in his copyright applications in 2005 and 2007. Cross-Complainant further alleges that Mitchell and the other Cross-Defendants made false statements to Cross-Complainant's customers beginning in 2010. (SACC ¶¶ 38, 164-66.) These allegations satisfy the Rule 9(b) pleading requirement.

Cross-Defendants next argue that this claim is deficient because the alleged misstatements were not made to Cross-Complainant. But the SACC alleges that Lansangan made specific false representations to Cross-Complainant in March 2011. (SACC ¶ 167.) Cross defendants ignore this allegation in their Motion and Reply.

The Court DENIES Cross-Defendants' Motion as to Cross-Complainant's eleventh claim, for negligent misrepresentation.

### 5. CROSS-COMPLAINANT'S TWELFTH CLAIM, FOR FRAUDULENT CONCEALMENT

Cross-Defendants argue that Cross-Complainant's fraudulent concealment claim lacks the requisite specificity. Cross-Defendants also argue that Cross-Complainant failed to allege that Mitchell owed Cross-Complainant any duty. These arguments are baseless. The SACC lists specific facts that Mitchell allegedly concealed from Cross-Complainant. (FACC ¶¶ 175-176). The FACC alleges that Mitchell was an officer of Cross-Complainant. (*Id.* ¶¶ 22, 130, 173-74.) The Court infers from this allegation that Mitchell owes Cross-Complainant the fiduciary duties required of corporate officers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

The Court DENIES Cross-Defendants' Motion as to Cross-Complainant's twelfth claim, for fraudulent concealment.

## 6. CROSS-COMPLAINANT'S THIRTEENTH CLAIM, FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

Cross-Defendants argue that Cross-Complainant fails to state a claim for violation of §17200 because its allegations are too general and because "[t]he SACC does not allege any conduct that even remotely approaches a violation of antitrust laws . . . ." (Motion at 7:17-24.) Cross-Defendants' antitrust argument is irrelevant and unpersuasive. Cross-Complainant has specifically and adequately alleged violations of § 17200. Indeed, most of the violations of federal and state law alleged elsewhere in the SACC support this unfair competition claim.

Cross-Defendants also argue that this claim should be dismissed because "§ 17200 is equitable in nature and damages cannot be recovered." (Motion at 8:1-3.) Dismissal is inappropriate on these grounds. Instead, Cross-Defendants should have moved to strike Cross-Complainant's purportedly improper request for relief.

The Court DENIES Cross-Defendants' Motion as to Cross-Complainant's thirteenth claim, for violation of Cal. Bus. & Prof. Code § 17200.

## 7. CROSS-COMPLAINANT'S FOURTEENTH CLAIM, FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500

To state a claim for false advertising under Cal. Bus. & Prof. Code § 17500, the plaintiff must show that (1) the statements in an advertising are untrue or misleading and (2) the defendants knew, or should have known, that the statements were untrue or misleading. *People v. Lynam*, 253 Cal. App. 2d 959, 965 (1967). Cross-Complainants adequately allege that Cross-Defendants knowingly made false representations to 3PL and Trinnos customers. (SACC ¶ 41, 96-101, 161, 164, 166, 189.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

Cross-Defendants argue that this claim fails because it lacks specificity and because Cross-Complainant does not allege that members of the public were likely to be deceived. Cross-Complainant's allegations contain the requisite specificity. And Cross-Complainant sufficiently alleges that Cross-Defendants' statements were likely to cause "confusion, mistake, and deception" among the parties' customers. (SACC ¶ 99.) *See Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992) (applying a "reasonable consumer" test to alleged violations of § 17500).

The Court DENIES Cross-Defendants' Motion as to Cross-Complainant's fourteenth claim, for violation of Cal. Bus. & Prof. Code § 17500.

## 8. CROSS-COMPLAINANT'S FIFTEENTH CLAIM, FOR COPYRIGHT INFRINGEMENT

Cross-Defendants argue that Cross-Complainant's copyright infringement claim is deficient because the SACC alleges that DTS and Mitchell – not Cross-Complainants – authored, developed, and own the Software. But the SACC *also* alleges that Cross-Complainant owns the software. (SACC ¶ 70 ("Mitchell filed his copyright applications and his lawsuit with the knowledge that Cross-Complainant *has ownership* and/or licensing rights to the Software." (emphasis added)).) Even if the SACC does not clearly allege *how* Cross-Complainant obtained ownership of the Software, the crucial allegation is that Cross-Complainant *now* owns the software. Cross-Complainant's allegations of ownership, though imperfect, are sufficient to give Cross-Defendants fair notice of this claim. *See Star v. Baca*, 652 F.3d at 1216.

Cross-Defendants next argue that the Ninth Circuit requires that a party alleging copyright infringement must "receive[] receipt of a complete copyright application from the Copyright Office before the action can proceed." (Motion at 13:13-15 (citing *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (2010).) Cross-Defendants clearly misstate the court's holding. In *Cosmetic Ideas*, the court held that "receipt *by* the Copyright Office of a complete application satisfies the registration requirement" of 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

IVIL MINUTES - GENERAL

| Case No. | SACV 11-534 AG (ANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | WALTER L. MITCHELL, III v. 3PL SYSTEMS, INC. | | |

U.S.C. § 411(a), which makes registration of a copyright a prerequisite to bringing an infringement action. *Id.* at 621. Cross-Complainant adequately alleges that it has applied for copyright protection. (SACC ¶ 40.)

The Court DENIES Cross-Defendants' Motion as to Cross-Complainant's fifteenth claim, for copyright infringement.

### 9. CROSS-COMPLAINANT'S EIGHTEENTH CLAIM, FOR TORTIOUS INTERFERENCE WITH CONTRACT

Finally, Cross-Defendants argue that Cross-Complainant fails to state a claim for tortious interference with contract. To state a claim for tortious interference with contract, a plaintiff must allege: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's international act designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption; and (5) damages. *Pacific Gas & Elec. Co. v. Bear Sterns & Co.* 50 Cal.3d 1118, 1126 (1990). Cross-Complainant alleges that Cross-Defendants knew of its contracts with clients and willfully induced certain clients to breach them. (SACC ¶¶ 217, 218.)

The Court DENIES Cross-Defendants' Motion as to Cross-Complainant's eighteenth claim, for tortious interference with contract.

### **DISPOSITION**

The Court DENIES the Motion in full.

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | lmb | |