FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 1 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11

WALTER L. MITCHELL, III,

12          Plaintiff,

13          v.

14

3PL SYSTEMS, INC.,

15          Defendant.

16

17   3PL SYSTEMS, INC.,

18          Cross-Complainant,

19          v.

20   WALTER L. MITCHELL, III, an
individual, JONATHAN LANSAGAN,
21   an individual, CHRISTOPHER
VINCIGUERRA, an individual,
22   TRINNOS TECHNOLOGY LLC, a
California Limited Liability
23   Corporation, and ROES 1 – 10,
inclusive,
24
Cross-Defendants.
25

26

27

28

Case No.: SACV11-00534 AG(ANx)

**JURY INSTRUCTIONS**

## 1.1B DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

CASE NO. SACV11-00534 AG (ANx)

## 1.2 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

3PL Systems, Inc. claims that:

1. Defendants Walter L. Mitchell III, Christopher Vinciguerra, Jonathan Lansangan, and Trinnos Technology LLC misappropriated 3PL Systems' trade secrets;

2. Defendants Vinciguerra and Lansangan breached non-disclosure and non-solicitation contracts with 3PL Systems;

3. Defendant Mitchell breached his fiduciary duties as a corporate officer toward 3PL Systems;

4. Defendants Mitchell, Vinciguerra, Lansangan, and Trinnos negligently misrepresented material facts to 3PL Systems;

5. Defendant Mitchell fraudulently concealed material facts from 3PL Systems;

6. Defendants Mitchell, Vinciguerra, and Lansangan, and Trinnos infringed upon 3PL Systems' copyright by taking and utilizing, copying, and licensing 3PL Systems' software to third parties; and,

7. Defendants Vinciguerra, Lansangan, and Trinnos contributorily infringed upon 3PL Systems' copyright by knowingly contributing to Mitchell's infringement of 3PL Systems' copyright.

3PL Systems, Inc. has the burden of proving these claims.

All of the cross-defendants deny those claims and also contend that:

1. 3PL Systems' copyright registrations are invalid.

2. 3PL Systems' claims for breach of fiduciary duty, negligent misrepresentation and concealment are barred, at least in part, by the statute of limitations.

Cross-Defendants have the burden of proof on these affirmative defenses.

3PL Systems, Inc. denies all of Cross-Defendants' affirmative defenses.

2

CASE NO. SACV11-00534

## 1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

3

# CACI 201 MORE LIKELY TRUE – CLEAR AND CONVINCING PROOF

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

# 1.5 TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each Cross-Defendant separately. Unless otherwise stated, the instructions apply to all parties.

Different aspects of this case involve different parties. Each instruction will identify the parties to whom it applies. Pay particular attention to the parties named in each instruction.

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

CASE NO. SACV11-00534 AG(ANx)

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# 1.8 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# 1.10 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case and any bias or prejudice;

(5)   whether other evidence contradicted the witness's testimony;

(6)   the reasonableness of the witness's testimony in light of all the evidence; and

(7)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## 1.12 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn

1   about the case on your own.

2        The law requires these restrictions to ensure the parties have a fair trial

3   based on the same evidence that each party has had an opportunity to address. A juror

4   who violates these restrictions jeopardizes the fairness of these proceedings, and a

5   mistrial could result that would require the entire trial process to start over. If any

6   juror is exposed to any outside information, please notify the court immediately.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.13 NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

# 1.14 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1

2

## 1.18 BENCH CONFERENCES AND RECESSES

3

4

5

6

7

8

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

9

10

11

12

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.19 OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

3PL Systems Inc. will then present evidence, and counsel for the Cross-Defendants may cross-examine. Then the Cross-Defendants may present evidence, and counsel for 3PL Systems, Inc. may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.2 STIPULATIONS OF FACT

The parties 3PL Systems, Inc. (which will be called "3PL Systems"), Walter Mitchell, III (who will be called "Mitchell" or "Mr. Mitchell") and Trinnos Technology LLC (which will be called "Trinnos"), have agreed to certain facts to be placed in evidence as Exhibit 335. You should therefore treat these facts as having been proved.

1

2

## 2.11 EXPERT OPINION

3

4       Some witnesses, because of education or experience, are permitted to state

opinions and the reasons for those opinions.

5       Opinion testimony should be judged just like any other testimony. You may

6   accept it or reject it, and give it as much weight as you think it deserves, considering

7   the witness's education and experience, the reasons given for the opinion, and all the

8   other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

## 2.12 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

# 3.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

CASE NO. SACV11-00534 AG(ANx)

## 3.2 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# CACI 104. NONPERSON PARTY

The entities 3PL Systems and Trinnos are parties in this lawsuit. 3PL Systems and Trinnos are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals. When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to 3PL Systems and Trinnos.

1

## CACI 113. BIAS

2

3  Each one of us has biases about or certain perceptions or stereotypes of other

4 people. We may be aware of some of our biases, though we may not share them with

5 others. We may not be fully aware of some of our other biases.

6  Our biases often affect how we act, favorably or unfavorably, toward someone.

7 Bias can affect our thoughts, how we remember, what we see and hear, whom we

8 believe or disbelieve, and how we make important decisions.

9  As jurors you are being asked to make very important decisions in this case.

10 You must not let bias, prejudice, or public opinion influence your decision.

11  Your verdict must be based solely on the evidence presented. You must

12 carefully evaluate the evidence and resist any urge to reach a verdict that is influenced

13 by bias for or against any party or witness.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CACI 205. FAILURE TO EXPLAIN OR DENY EVIDENCE

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

# CACI 212. STATEMENTS OF A PARTY OPPONENT

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1.     Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

2.     If you believe that the statement was made, do you believe it was reported accurately? You should view testimony about an oral statement made by a party outside the courtroom with caution.

1

2

## CACI 221. CONFLICTING EXPERT TESTIMONY

3

4

5

6

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 17.0 PRELIMINARY INSTRUCTION—COPYRIGHT

The Cross-Complainant 3PL Systems, claims ownership of a copyright and seeks damages against Cross- Defendants Mitchell and Trinnos, for copyright infringement. The Cross-Defendants deny infringing the copyright and assert an affirmative defense of copyright invalidity. To help you understand the evidence in this case, I will explain some of the legal terms you have heard during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

### COPYRIGHT INTERESTS

The copyright owner may transfer to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, preparing a derivative work from, distributing, performing, or displaying, the copyrighted work. To be valid, the transfer must be in writing. The person to whom a right is transferred is called an assignee.

### HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

### 3PL SYSTEMS' BURDEN OF PROOF

In this case, the Cross-Complainant 3PL Systems contends that the Cross-Defendants Mitchell and Trinnos, have infringed 3PL Systems' copyright on the 2010

version of its TMS source code.  3PL Systems has the burden of proving by a preponderance of the evidence that 3PL Systems is the owner of the copyright and that the Cross-Defendants copied original elements of the copyrighted work. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that the Cross-Defendants copied 3PL Systems' work, 3PL Systems may show that Cross-Defendant had access to 3PL Systems' copyrighted work and that there are substantial similarities between the Cross-Defendant's work and 3PL Systems' copyrighted work.

## LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, distributes, and/or displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

Copyright may also be infringed by vicariously infringing and contributorily infringing.

## VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes, or materially contributes to the activity.

## DEFENSES TO INFRINGEMENT

The Cross-Defendants contend that there is no copyright infringement. There is no copyright infringement where the Cross-Defendants independently created the challenged work.

# 17.1 COPYRIGHT—DEFINED

## (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

1.   make additional copies, or otherwise reproduce the copyrighted work;

2.   prepare derivative works based upon the copyrighted work;

3.   distribute copies of the copyrighted work to the public by licensing; or

4.   display publicly a copyrighted graphic work.

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes the author of the work, or an assignee. In general, copyright law protects against distribution and display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

Even though one may acquire a copy of the copyrighted work, the copyright owner retains rights and control of that copy, including uses that may result in additional copies or alterations of the work.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 17.2 COPYRIGHT—SUBJECT MATTER—GENERALLY
### (17 U.S.C. § 102)

The work, called by the parties as "TMS Software," is a computer program, that is, a literary work composed of a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.

You are instructed that a copyright may be obtained in the TMS Software.

This work can be protected by the copyright law. Only that part of the work comprised of original works of authorship fixed or produced in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.

## 17.4 COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING

### (17 U.S.C. § 501(a)–(b))

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On 3PL Systems' copyright infringement claim, it has the burden of proving both of the following by a preponderance of the evidence:

1.  3PL Systems is the owner of a valid copyright; and,

2.  the Cross-Defendants copied original elements from the copyrighted work.

If you find that 3PL Systems has proved both of these elements, your verdict should be for 3PL Systems.  If, on the other hand, 3PL Systems has failed to prove either of these elements, your verdict should be for the Cross-Defendants.

# 17.5 COPYRIGHT INFRINGEMENT – OWNERSHIP OF VALID COPYRIGHT - DEFINITION
## <u>(17 U.S.C. §§ 201-205)(modified)</u>

3PL Systems is the owner of a valid copyright in its 2010 version of the TMS source code if it proves by a preponderance of the evidence that:

1.    3PL's work is original; and

2.    3PL is the author of the work, received a written transfer of the copyright, or received a written transfer of the right to make derivative works.

## 17.5 SUPPLEMENTAL – COPYRIGHT CERTIFICATE (MODIFIED)

A person who holds a copyright may obtain a certificate of registration from the Copyright Office of the Library of Congress. This certificate is sufficient to establish the facts stated in the certificate, unless outweighed by other evidence in this case.

The evidence in this case includes Exhibits 55, 56, 57, certificates of copyright registration from the Copyright Office. If you find that these certificates were made within five years after first publication of the TMS software, you may consider these certificates as evidence of the facts stated in the certificates. From this certificate you may, but need not, conclude that Mr. Mitchell is the sole owner and author of the work and that the TMS software versions identified in the certificates are the original and copyrightable works of Mr. Mitchell.

1
2

# COPYRIGHT INVALIDITY

3      A party can prove a copyright registration is invalid if:

4      1.      The deposited material is not copyrightable subject matter; or,

5      2.      The identified author or authors did not create the deposited material; or,

6      3.      If the work is a derivative work, any preexisting work on which it is

7   based is not identified; <u>and,</u>

8      4.      Any mistake on the copyright application regarding the above was done

9   with the intent to defraud the Copyright Office.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 17.6 COPYRIGHT INTERESTS – AUTHORSHIP
## (17 U.S.C. § 201(a))

The creator of an original work is called the author of that work. An author originates or "masterminds" the original work, controlling the whole work's creation and causing it to come into being.

Others may help or may make valuable or creative contributions to a work. However, such a contributor cannot be the author of the work unless that contributor caused the work to come into being. One must translate an idea into a fixed, tangible expression in order to be the author of the work. Merely giving an idea to another does not make the giver an author of a work embodying that idea.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 17.9 COPYRIGHT INTERESTS – WORK MADE FOR HIRE
## (17 U.S.C. § 201(b))

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee in carrying out the employer's business.  Or a work made for hire is a work specially ordered or commissioned as a compilation, if the parties expressly agree in a written instrument signed by them that the works shall be considered a work made for hire.

The employer is considered to be the author of the work and owns the copyright.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

# 17.9 SUPPLEMENTAL INSTRUCTION - FACTORS REGARDING WORK FOR HIRE

You should consider the following factors in determining whether the creator of the work in this case was an employee of 3PL Systems or DTS or whether the creator of the work was an independent contractor.

1.    The skills required to create the work.  The higher the skills required, the more likely the creator was an independent contractor rather than an employee.

2.    The source of the tools or instruments used to create the work. The more the creator had to use his own tools or instruments, the more likely the creator was an independent contractor rather than an employee.

3.    The location of where the work was done. The less the creator worked at DTS or 3PL Systems, the more likely the creator was an independent contractor rather than an employee.

4.    Applicability of employee benefits, like a pension plan or insurance. The more the creator is covered by the benefit plans DTS or 3PL Systems offers to other employees, the less likely that the creator was an independent contractor rather than an employee.

5.    Tax treatment of the creator by 3PL Systems or DTS.  If 3PL Systems or DTS reported to tax authorities payments to the creator with no withholding or by use of a Form 1099, the more likely the creator was an independent contractor rather than an employee.

6.    Whether the creator had discretion over when and how long to work. The more the creator can control his or her work times, the more likely the creator was an independent contractor rather than an employee.

7.    Whether DTS or 3PL Systems had the right to assign additional projects to the creator. The more the creator could refuse to accept additional projects unless

additional fees were paid, the more likely the creator was an independent contractor rather than an employee.

8.     Duration of the relationship between the parties. The more the creator worked on a project basis for DTS or 3PL Systems, the more likely the creator was an independent contractor rather than an employee.

9.     The method of payment. The more the creator usually works on a commission or one-time-fee basis, the more likely the creator was an independent contractor rather than an employee.

10.     Whether the creator hired (or could have hired) and paid his or her own assistants. The more the creator hires and pays for his or her own assistants, the more likely the creator was an independent contractor rather than an employee.

11.     Whether 3PL Systems or DTS is a business. If the party that did the hiring is not a business, it is more likely that the creator was an independent contractor rather than an employee.

## 17.13 COPYRIGHT INTERESTS – DERIVATIVE WORK
### (17 U.S.C. §§101, 106(2))

A copyright owner is entitled to exclude others from creating derivative works based upon the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as an updated software version or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted. Only what was newly created, such as the editorial revisions, annotations, elaborations, or other modifications to the pre-existing work, is considered to be the derivative work.

Copyright protection of a derivative work covers only the contribution made by the author of the derivative work. If the derivative work incorporates pre-existing work by another, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work of another.

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement.

## 17.15 COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Instruction 17.4 states that 3PL Systems has the burden of proving that the Cross-Defendants copied original elements from 3PL Systems' copyrighted work. 3PL Systems may show the Cross-Defendants copied from the work by proving that Cross-Defendants made literal copies of 3PL Systems' TMS source code. Alternatively, 3PL Systems may show the Cross-Defendants copied from the work by a preponderance of the evidence that the Cross-Defendants had access to 3PL Systems' copyrighted work and that there are substantial similarities between the Cross-Defendants' work and original elements of the 3PL Systems' work.

Where a high degree of access is shown, a lower standard of proof of substantial similarity is required.

If 3PL Systems establishes reasonable access by Cross-Defendants and substantial similarity of 3PL Systems' TMS source code and Trinnos' source code, then 3PL Systems will create a presumption of copying. The burden shifts to the Cross-Defendants to rebut that presumption through proof of independent creation of Trinnos' source code.

CASE NO. SACV11-00534 AG(ANx)

## 17.16 COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED

As part of its burden, 3PL Systems must show by a preponderance of the evidence that Cross-Defendants had access to the 3PL Systems' work. You may find that the Cross-Defendants had access to 3PL Systems' work if Cross-Defendants had a reasonable opportunity to view, read, or copy 3PL Systems' work before the Cross-Defendants' work was created.

## 17.21 DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT

A Cross-Defendant may be liable for copyright infringement engaged in by another if he/it knew or had reason to know of the infringing activity and intentionally induces or materially contributes to that infringing activity.

If you find that Mitchell and/or Trinnos infringed the 3PL Systems' copyright in the TMS Software, you may proceed to consider 3PL Systems' claim that the Cross-Defendants contributorily infringed that copyright. To prove contributory copyright infringement, 3PL Systems must prove both of the following elements by a preponderance of the evidence:

1. the Cross-Defendant knew or had reason to know of the infringing activity of Mitchell or Trinnos; and

2. the Cross-Defendant intentionally induced or materially contributed to Mitchell's and/or Trinnos' infringing activity.

If you find that Mitchell and/or Trinnos infringed 3PL Systems' copyright and you also find that 3PL Systems has proved both of these elements, your verdict should be for 3PL Systems. If, on the other hand, 3PL Systems has failed to prove either or both of these elements, your verdict should be for the Cross-Defendants.

43

## 17.22 COPYRIGHT—DAMAGES
### (17 U.S.C. § 504)

If you find for 3PL Systems on its copyright infringement claim, you must determine 3PL Systems' damages. 3PL Systems is entitled to recover the actual damages suffered as a result of the infringement. In addition, 3PL Systems is also entitled to recover any profits of the Cross-Defendants attributable to the infringement. 3PL Systems must prove damages by a preponderance of the evidence.

## 17.23 COPYRIGHT—DAMAGES—ACTUAL DAMAGES
## (17 U.S.C. § 504(b))

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the Cross-Defendant of 3PL Systems' work. That amount also could be represented by the lost license fees 3PL Systems would have received for the Cross-Defendants' unauthorized use of 3PL Systems' work.

Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for 3PL Systems' actual damages.

CASE NO. SACV11-00534 AG(ANx)

## 17.24 COPYRIGHT—DAMAGES—CROSS-DEFENDANT'S PROFITS
### (17 U.S.C. § 504(b))

In addition to actual damages, the copyright owner is entitled to any profits of the Cross-Defendants attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages. Where there are multiple infringers of a copyright, each Cross-Defendant is severally liable for the Cross-Defendant's own illegal profits.

You may make an award of the Cross-Defendant's profits only if you find that 3PL Systems showed a causal relationship between the infringement and Cross-Defendant's gross revenue. 3PL Systems must have proffered some evidence that the infringement at least partially caused the profits that the infringer generated as a result of the infringement.

The Cross-Defendant's profit is determined by subtracting all expenses from the Cross-Defendant's gross revenue.

The Cross-Defendant's gross revenue is all of the Cross-Defendant's receipts from the licensing of the work associated with the infringement. 3PL Systems has the burden of proving the Cross-Defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the Cross-Defendant's gross revenue. The Cross-Defendant has the burden of proving the Cross-Defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the licensing of the work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The Cross-Defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

## 17.27 COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT
### (17 U.S.C. § 504(c)(2))

An infringement is considered willful when 3PL Systems has proved both of the following elements by a preponderance of the evidence:

1.    the Cross-Defendant engaged in acts that infringed the copyright; and

2.    the Cross-Defendant knew that those acts infringed the copyright.

1

2

## CACI 4100. "Fiduciary Duty" Explained

3
4
5

A corporate officer owes what is known as a fiduciary duty to his corporation. A fiduciary duty imposes on a corporate officer a duty to act with the utmost good faith in the best interests of his corporation.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CACI 4101. FAILURE TO USE REASONABLE CARE—ESSENTIAL FACTUAL ELEMENTS

3PL Systems claims that it was harmed by Mitchell's breach of the fiduciary duty to use reasonable care. To establish this claim, 3PL Systems must prove all of the following:

1.    That Mitchell was 3PL Systems' corporate officer;

2.    That Mitchell acted on 3PL Systems' behalf for purposes of managing the day to day operations of 3PL and developing 3PL's software;

3.    That Mitchell failed to act as a reasonably careful corporate officer would have acted under the same or similar circumstances.

4.    That 3PL Systems was harmed; and

5.    That Mitchell's conduct was a substantial factor in causing 3PL Systems' harm.

# CACI 1903. NEGLIGENT MISREPRESENTATION

3PL Systems claims it was harmed because Mitchell negligently misrepresented an important fact. To establish this claim, 3PL Systems must prove all of the following:

1.  That Mitchell represented to 3PL Systems that an important fact was true;

2.  That Mitchell's representation was not true;

3.  That although Mitchell may have honestly believed that the representation was true, Mitchell had no reasonable grounds for believing the representation was true when he made it;

4.  That Mitchell intended that 3PL Systems rely on this representation;

5.  That 3PL Systems reasonably relied on Mitchell's representation;

6.  That 3PL Systems was harmed; and

7.  That 3PL Systems' reliance on Mitchell's representation was a substantial factor in causing its harm.

# CACI 1901. CONCEALMENT

3PL Systems claims that it was harmed because Mitchell concealed certain information. To establish this claim, 3PL Systems must prove all of the following:

1.    a)  That Mitchell and 3PL Systems were in a fiduciary relationship; and

       b)  That Mitchell intentionally failed to disclose an important fact to 3PL Systems;

2. That 3PL Systems did not know of the concealed fact;

3. That Mitchell intended to deceive 3PL Systems by concealing the fact;

4. That 3PL Systems reasonably relied on Mitchell's deception;

5. That 3PL Systems was harmed; and

6. That Mitchell's concealment was a substantial factor in causing 3PL Systems' harm.

# CACI 1907. RELIANCE

3PL Systems claims that it relied on Mitchell's misrepresentation and/or concealment of the fact that Mitchell owned the software, by continuing to operate as a business and continuing to develop the software. You have to decide whether or not Mitchell's misrepresentation or nondisclosure was an immediate cause of 3PL Systems' conduct which altered its legal relations, and when without such misrepresentation or nondisclosure 3PL Systems would not, in all reasonable probability, have continued to operate as a business and continue to develop the software.

It is not necessary for a misrepresentation or concealment to be the only reason for 3PL Systems' conduct which altered its legal relations. Instead, reliance may be established on the basis of circumstantial evidence showing the alleged fraudulent misrepresentation or concealment substantially influenced 3PL Systems' choice, even though other influences may have operated as well.

CASE NO. SACV11-00534 AG(AN-)

1

## CACI 1908. REASONABLE RELIANCE

2

3       You must determine the reasonableness of 3PL Systems' reliance by taking into
4   account its mental capacity, knowledge, and experience.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CACI 1925. Affirmative Defense – Statute of Limitations – Fraud or Mistake**

Cross-Defendants Mitchell and Trinnos Technology LLC contend that 3PL's claims for breach of fiduciary duty, negligent misrepresentation and concealment were not filed within the time set by law, called the statute of limitations. To succeed on this defense, cross-defendants must prove that 3PL's claimed harm occurred before May 27, 2008.

The statute of limitations is extended if 3PL Systems is able to show that Walter L. Mitchell III made it difficult for 3PL Systems to immediately detect or comprehend the wrongs done by Mr. Mitchell or the resulting injuries. If there was a fiduciary relationship between Mr. Mitchell and 3PL Systems, the fiduciary relationship carries a duty of full disclosure, and any failure to disclose any fraud or mistake, allows a delayed accrual of the statute of limitations.

## CACI 1923. DAMAGES—"OUT OF POCKET" RULE

If you decide that 3PL Systems has proved its claim against Cross-Defendants Mitchell and Trinnos, you also must decide how much money will reasonably compensate 3PL Systems for the harm by each Cross-Defendant. This compensation is called "damages."

The amount of damages must include an award for all harm that Mitchell and Trinnos were a substantial factor in causing, even if the particular harm could not have been anticipated.

3PL Systems must prove the amount of its damages. However, 3PL Systems does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

3PL Systems may also recover amounts that it reasonably spent in reliance on Mitchell's false representation and/or failure to disclose if those amounts would not otherwise have been spent.

# CACI 3900. INTRODUCTION TO TORT DAMAGES—LIABILITY CONTESTED

If you decide that 3PL Systems has proved its claim against Cross-Defendants Mitchell and/or Trinnos, you also must decide how much money will reasonably compensate 3PL Systems for the harm done by each Cross-Defendant. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by each of the Cross-Defendants' wrongful conduct, even if the particular harm could not have been anticipated.

3PL Systems does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by 3PL Systems:

1. For 3PL Systems' Breach of Fiduciary Duty claim - 3PL Systems' actual loss for Mitchell's breach of fiduciary duty;

2. For 3PL Systems' Negligent Misrepresentation claims - 3PL Systems' actual loss for Mitchell's negligent misrepresentations;

3. For 3PL Systems' Concealment claim - 3PL Systems' actual loss for Mitchell's alleged concealment;

4. Remedies for Copyright Infringement - 3PL Systems' actual loss, Cross-Defendants' profits, damages for willful infringement, and injunctive relief.

# 3903N. LOST PROFITS (ECONOMIC DAMAGE)

To recover damages for lost profits, 3PL Systems must prove it is reasonably certain it would have earned profits but for Mitchell and/or Trinnos' conduct.

To decide the amount of damages for lost profits, you must determine the gross amount 3PL Systems would have received but for the cross-defendants' conduct and then subtract from that amount the expenses 3PLSystems would have had if the cross-defendants' conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

CASE NO. SACV11-00534 AG(ANx)

## 5.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for 3PL Systems on 3PL Systems' claims, you must determine the 3PL Systems' damages. 3PL Systems has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate 3PL Systems for any injury you find was caused by the Cross-Defendants. You should consider the following:

The nature and extent of the damage caused;

The reasonable value of profit lost to the present time; and

The reasonable value of profit which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## 5.4 DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

CASE NO. SACV11-00534 AG(ANx)

# CACI 3925.  ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

CASE NO. SACV11-00534 AG(ANx)

# CACI 3934. DAMAGES ON MULTIPLE LEGAL THEORIES

3PL Systems seeks damages from Cross-Defendants Mitchell and Trinnos under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Cross-Defendants Mitchell and/or Trinnos are liable to 3PL Systems under the following legal theories:

1.  Breach of Fiduciary Duty;

2.  Negligent Misrepresentation;

3.  Concealment;

4.  Copyright Infringement;

5.  Contributory Copyright Infringement.

The following items of damages are recoverable only once under all of the above legal theories:

1.  Unjust Enrichment – Cross-Defendants' Profits

2.  3PL Systems' Lost Future Profits

3.  Actual Loss Suffered by 3PL Systems

4.  Unjust Enrichment – Cost of Software

# CACI 3964.  JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorneys' fees or expenses that the parties incurred in bringing or defending this lawsuit.

CASE NO. SACV11-00534 AG(ANx)

1

2

## 3.3 RETURN OF VERDICT

3      A verdict form has been prepared for you. After you have reached unanimous

4  agreement on the verdict, your presiding juror will fill in the form that has been given

5  to you, sign and date it, and advise the court that you are ready to return to the

6  courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. SACV11-00534 AG(AN )