BROWN, WEGNER & BERLINER LLP
William J. Brown, Jr. (SBN 192950)
  bill@bwb-lawyers.com
Matthew A. Berliner (SBN 224384)
  mberliner@bwb-lawyers.com
Matthew K. Wegner (SBN 223062)
  mwegner@bwb-lawyers.com
Janet S. Park (SBN 263511)
  jpark@bwb-lawyers.com
2603 Main Street, Suite 1050
Irvine, California 92614
Telephone: 949-705-0080
Facsimile: 949-794-4099

Attorneys for Defendant and Cross-Complainant
3PL SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. MITCHELL, III, an individual, | Case No.: SACV11-00534 AG(ANx) |
|         Plaintiff, | **3PL SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES** |
|      v. | |
| 3PL SYSTEMS, INC., a California Corporation, | **Date:        June 3, 2013** |
|         Defendant. | **Time:       10:00 a.m.** |
| | **Courtroom:    10D** |
| | **Before the Hon. Andrew J. Guilford** |
| 3PL SYSTEMS, INC., a California corporation, | |
|         Cross-Complainant, | |
|      v. | |
| WALTER L. MITCHELL, III, an individual, JONATHAN LANSAGAN, an individual, CHRISTOPHER VINCIGUERRA, an individual, TRINNOS TECHNOLOGY LLC, a California Limited Liability Corporation, and ROES 1 – 10, inclusive, | **Entry of Judgment:  April 9, 2013** |
| | **Complaint filed:    April 7, 2011** |
|         Cross-Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on June 3, 2013, at 10:00 a.m. or at such other time as the Court may direct, before the Honorable Andrew J. Guilford, United States District Court, located at 411 West Fourth Street, Courtroom 10D, in Santa Ana, California 92701, Defendant 3PL Systems, Inc. will, and hereby does, move the Court for an Order granting 3PL its attorneys' fees.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declarations of Matthew Berliner and Janet S. Park submitted herewith, and such other and further papers, evidence and argument as may be submitted to the Court in connection with the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 16, 2013.  *See* Declaration of Matthew Berliner ¶ 20.


DATED:  April 22, 2013                    BROWN, WEGNER & BERLINER LLP

                                          By:    /s/ Janet S. Park
                                          _____
                                          William J. Brown, Jr.
                                          Matthew A. Berliner
                                          Matthew K. Wegner
                                          Janet S. Park

                                          Attorneys for Defendant & Cross-Complainant
                                          3PL SYSTEMS, INC.

1

# **TABLE OF CONTENTS**

2
**Page**

3    I.      INTRODUCTION ........................................................................................ 1

4    II.     BACKGROUND FACTS ........................................................................... 1

5    III.    LEGAL STANDARD.................................................................................. 2

6    IV.     ARGUMENT .............................................................................................. 3

7            A.      3PL IS THE PREVAILING PARTY IN THIS LITIGATION................ 3

8            B.      ALL OTHER FACTORS TIP IN 3PL'S FAVOR FOR AN AWARD OF

9                    FEES AND COSTS ................................................................................ 4

10                   1.      Frivolousness................................................................................ 4

11                           a.      3PL's Claims Were Not Frivolous ...................................... 4

12                           b.      Mitchell's Claims Were Frivolous ...................................... 4

13                   2.      Motivation ................................................................................... 6

14                           a.      3PL's Motivation Was Proper .............................................. 6

15                           b.      Mitchell's Motivation Was Improper and Willful................ 6

16                   3.      Objective Reasonableness ........................................................... 7

17                           a.      3PL's Claims Are Objectively Reasonable ......................... 7

18                           b.      Mitchell's Claims Lack Objective Reasonableness ............. 8

19                   4.      There Exists A Need For Compensation and Deterrence ............. 8

20                   5.      Balance of Factors........................................................................ 9

21                   6.      Equitable Factors.......................................................................... 9

22           C.      3PL Requests Reasonable Attorney Fees............................................. 10

23                   1.      Number of Hours........................................................................ 11

24                   2.      Hourly Rate ............................................................................... 12

25                   3.      Fees For This Motion................................................................. 13

26   V.      CONCLUSION......................................................................................... 14

27

28

1

<u>**TABLE OF AUTHORITIES**</u>

2
<u>**Page(s)**</u>

3
<u>**CASES**</u>

4
*Bernal v. Paradigm Talent and Literary Agency*

5
    2010 WL 6397561 \*3 (C.D. Cal. 2010) .............................................. 9

6
*Cadkin v. Loose*

7
    569 F.3d 1142 (9th Cir. 2009) ......................................................... 9

8
*Camacho v. Bridgeport Financial, Inc.*

9
    523 F3d 973 (9th Cir. 2008) ......................................................... 13

10
*Chi-Boy Music v. Charlie Club, Incorp.*

11
    930 F.2d 1224 (7th Cir. 1991) ................................................... 5, 9

12
*Christian Research Institute v. Alnor*

13
    165 Cal.App.4th 1315 (2008) ...................................................... 10

14
*Entertainment Research Group v. Genesis Creative Group*

15
    122 F.3d 1211 (9th Cir. 1997) ...................................................... 5

16
*Feist Pbl'ns, Inc. v. Rural Tele. Serv. Co.*

17
    499 U.S. 340 (1991)..................................................................... 10

18
*Figure Eight Holdings, LLC v. Dr. Jay's, Inc.*

19
    2011 WL 5839655 \*1 (C.D. Cal. Nov. 18, 2011) ................................ 3, 5, 8, 10

20
*Fogerty v. Fantasy, Inc.*

21
    510 U.S. 517 (1994)........................................................... 3, 6, 8, 9, 10

22
*Frank Music Corp v. Metro-Goldwyn-Mayer, Inc.*

23
    886 F.2d 1545 (9th Cir. 1989) ...................................................... 3

24
*Gay Officers Action League v. Puerto Rico*

25
    247 F.3d 288 (1st Cir. 2001)........................................................ 11

26
*Hall v. Cole*

27
    412 U.S. 1 (1973)......................................................................... 6

28

**TABLE OF AUTHORITIES (CONT'D.)**

**Page(s)**

*Hensley v. Eckerhart*
    461 US 424 (1983) ......................................................................... 10, 13

*Identity Arts v. Best Buy Enterprise Services, Inc.*
    2008 WL 820674 *3 (N.D. Cal. 2008) ............................................... 9

*Karam v. City of Burbank*
    352 F.3d 1188 (9th Cir.2003) ........................................................... 4

*Kerr v. Screen Guild Extras, Inc.*
    526 F.2d 67 (9th Cir.1975) ............................................................. 11

*Kourtis v. Cameron*
    358 Fed. Appx. 863 (9th Cir. 2009) ............................................... 10

*Love v. Assoc. Newspapers, Ltd.*
    611 F.3d 601 (9th Cir.2010) ............................................................. 7

*Maljack Productions, Inc., v. Goodtimes Home Video Corp*
    81 F.3d 881 (9th Cir. 1996) .......................................................... 3, 7

*Mattel, Inc. v. MGA Entertainment, Inc.*
    2011 WL 3420603 *2 (C.D. Cal. 2011) ............................................ 9

*McGaughey v. Twentieth Century Fox Film Corp.*
    12 F.3d 62 (5th Cir. 1994) ............................................................... 3

*Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*
    269 F.Supp.2d 118 (W.D.N.Y. 2002) ............................................... 6

*Microsoft Corp. v. McGee*
    490 F.Supp.2d 874 (S.D. Ohio 2007) ............................................... 6

*Morales v. City of San Rafael*
    96 F.3d 359 (9th Cir. 1996) ........................................................... 11

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
    478 U.S. 546 (1986) ....................................................................... 10

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3 *Perdue v. Kenny A. ex. Rel. Winn*

4      559 U.S. 542 (2010)............................................................................ 11

5 *Perfect 10, Inc. v. CCBill LLC*

6      488 F.3d 1102 (9th Cir.2007) ............................................................ 7

7 *Screenlife Establishment v. Tower Video, Inc.*

8      868 F.Supp. 47 (S.D.N.Y.1994) ...................................................... 8

9 *Smith v. Jackson*

10      84 F.3d 1213 (9th Cir. 1996) ....................................................... 3, 4

11 *Spooner v. EEN, Inc.*

12      644 F.3d 62 (1st Cir. 2011)............................................................ 13

13 *Twentieth Century Fox Film Corp. v. Entertainment Distributing*

14      429 F.3d 869 (9th Cir. 2005) ........................................................ 12

15 *United Steelworkers of America v. Phelps Dodge Corp.*

16      896 F.2d 403 (9th Cir.1990) ......................................................... 12

17 *Williams v. Crichton*

18      891 F.Supp. 120 (S.D.N.Y.1994) .................................................. 8

19 **STATUTES**

20 17 U.S.C. § 505 ............................................................................... 3

21

22

23

24

25

26

27

28

## I.   **INTRODUCTION**

3PL Systems., Inc. "("3PL") brings its Motion for Attorneys' Fees based on two grounds: First, 3PL prevailed on its motion for summary judgment dismissing the entire complaint for copyright infringement filed by Plaintiff  and Cross-Defendant Walter L. Mitchell III ("Mitchell") against 3PL; and second, after a trial on the merits, a jury returned a completely favorable verdict for 3PL on its claims for copyright infringement against Mitchell and his company, and fellow Cross-Defendant Trinnos Technology, LLC ("Trinnos").  The jury determined that Mitchell and Trinnos willfully infringed 3PL's copyright in the Transportation Management System Software ("TMS Software") that was the heart of the dispute between 3PL on one hand, and Mitchell and Trinnos on the other.  As such, there is no question that 3PL is the prevailing party in this litigation and is entitled to its fees *for both* prevailing on Mitchell's affirmative copyright claims asserted against 3PL and 3PL's own claims for copyright infringement.  3PL now requests that the Court grant 3PL an Order awarding 3PL its attorneys' fees in this litigation.

## II.   **BACKGROUND FACTS**

On April 7, 2011, Mitchell filed his complaint for copyright infringement and related claims against 3PL.  On May 27, 2011, 3PL filed a Cross-Complaint against Mitchell, Jonathan Lansangan, Christopher Vinciguerra, and Trinnos Technology LLC (collectively, "Cross-Defendants")[1] for, among other things, misappropriating trade secrets, absconding with 3PL's TMS Software, creating a competing company, and selling 3PL's TMS Software as their own. 3PL thereafter filed a First Amended Cross-Complaint. Effective July 12, 2011, 3PL obtained a Copyright Registration for its TMS Software, published in 2010. On September 30, 2011, 3PL filed its Second Amended Cross-Complaint alleging Copyright Infringement against Mitchell, Trinnos and other copyright related claims against the remaining Cross-Defendants. On March

---

[1] The claims against Lansangan and Vinciguerra were voluntarily dismissed during trial.

CASE NO: SACV11-00534 AG(ANx)
**3PL SYSTEMS INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS FEES**

5, 2012, both Mitchell and 3PL filed motions to summarily adjudicate claims in opposing parties' respective Complaint/Cross-Complaint. On April 9, 2012, the Court granted 3PL's Motion for Summary Judgment in its entirety; disposing of Mitchell's complaint, leaving only the claims in 3PL's Second Amended Cross-Complaint ("SACC") to be adjudicated at trial.  *See* Dkt 75. The basis of the Court's Order granting 3PL's Motion for Summary Judgment was that *if* Mitchell was the true owner of the TMS Software, he had granted 3PL an irrevocable license to use and sub-license the TMS Software.  *See* Dkt 75 at p. 15.  Having granted 3PL an irrevocable license (again *if* Mitchell owned the TMS Software) his claims for copyright infringement must fail.  On the other hand, Mitchell sought summary judgment as to ownership of the TMS Software; which the Court denied, holding that there were triable issues of fact as to the ownership of the TMS Software copyrights. *See* Dkt 75 at p. 12.

On November 6, 2012, this case began its jury trial.  On November 16, 2012, the jury rendered its verdict for 3PL and found, among things: a) Mitchell is liable to 3PL for negligent misrepresentation; b) Mitchell is liable to 3PL for fraudulent concealment; c) Mitchell infringed upon 3PL's copyright registered in 2011; d) Mitchell's infringement *was willful;* e) Trinnos knowingly contributed to the infringing activity of Mitchell; f) Trinnos infringed upon 3PL's copyright; g) Trinnos' infringement *was willful;* g) Mitchell knowingly contributed to Trinnos' infringement; and h) 3PL owns the 2005, 2007, and 2010 versions of the TMS Software. *See* Declaration of Janet S. Park ("Park Decl."), ¶ 2, Ex. A (Verdict Form). Thereafter, the Court entered final judgment on April 9, 2013. Park Decl. ¶ 3, Ex. B (Amended Judgment).

## III.   LEGAL STANDARD

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award

a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.  Under this section, prevailing plaintiffs and prevailing defendants are to be treated alike.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Maljack Productions, Inc.*, *v. Goodtimes Home Video Corp*, 81 F.3d 881, 889 (9th Cir. 1996). "Although attorney's fees are awarded in the trial court's discretion [in copyright cases], they are the rule rather than the exception and should be awarded routinely." *McGaughey v. Twentieth Century Fox Film Corp*., 12 F.3d 62, 65 (5th Cir. 1994). Indeed, "[p]laintiffs in copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met. …" *Frank Music Corp v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989).  In deciding whether to award fees, the Ninth Circuit has identified five non-exclusive factors: "among other things: the degree of success obtained on the claim, the frivolousness; motivation; objective reasonableness of factual and legal arguments; and the need for compensation and deterrence." *Maljack Productions, Inc.*, 81 F.3d at 889; *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996). Here, as the prevailing party, 3PL can show that all of these factors support granting 3PL its attorneys' fees.

## IV.   ARGUMENT

### A.   3PL IS THE PREVAILING PARTY IN THIS LITIGATION

The first factor to consider is the degree of success obtained on the claims in this litigation.  There is no dispute that 3PL is the prevailing party as to all copyright related claims raised by the parties.  First, this Court determined that that Mitchell's claims for copyright infringement were susceptible to summary judgment in 3PL's favor.  As such, 3PL is the prevailing party as to Mitchell's claims for infringement. *See Figure Eight Holdings, LLC v. Dr. Jay's, Inc*., 2011 WL 5839655 *1 (C.D. Cal. Nov. 18, 2011)("Defendants prevailed on a motion for summary judgment and are, therefore, the prevailing party.")

Moreover, even if the Court had not concluded that Mitchell's copyright claim was susceptible to summary judgment, his copyright infringement claim would have

still failed as the jury determined that 3PL, and not Mitchell, is the owner of the TMS Software that is the center of the dispute.  *See* Decl. Park, Ex. A (Verdict Form).

Second, there is also no dispute that 3PL was the prevailing party as to its copyright infringement claims against Mitchell and Trinnos.  The jury found that Cross-Defendants are liable to 3PL for infringement, and the Court declined to grant Mitchell's and Trinnos' Motions for Judgment as a Matter of Law. Dkts 205 & 218. There cannot be any dispute that 3PL was the prevailing party as to its claims. Indeed, the jury determined that the Mitchell's and Trinnos' infringement was willful. As such, both in the defensive and the affirmative, 3PL is the prevailing party as to all copyright claims asserted in this litigation.

## B.   ALL OTHER FACTORS TIP IN 3PL'S FAVOR FOR AN AWARD OF FEES AND COSTS

### 1.   Frivolousness

The second factor is the frivolousness of the parties' claims. *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir.1996). A case is deemed frivolous when the result is obvious or the arguments are wholly without merit.  *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir.2003).

#### a.   3PL's Claims Were Not Frivolous

3PL prevailed at summary judgment, as well as its claims at trial. Although 3PL ultimately dismissed some of its claims during trial, all of its claims withstood a motion to dismiss and Mitchell's motion for summary adjudication. See Dkt 50 (Order Denying Mitchell's Motion to Dismiss 3PL's Second Amended Cross-Complaint) & Dkt 75 (MSJ Order denying Mitchell's Motion for Summary Adjudication as to 3PL's Copyright claims).

#### b.   Mitchell's Claims Were Frivolous

Mitchell started this matter by suing 3PL for copyright infringement over the TMS Software. However, as the Court concluded on summary judgment, *if* Mitchell was the owner of the TMS Software he had granted 3PL an irrevocable license

1   thereby barring his claim. *See* Dkt 75 at p. 15.  As such, 3PL was the prevailing party
2   as to Mitchell's affirmative claims of infringement.  Indeed, Mitchell pleaded in his
3   complaint that he granted 3PL an implied license to use the TMS Software.
4   Complaint [Dkt 1] at p. 4, ¶ 16 ("In consideration for his continued employment, MR.
5   MITCHELL licensed TMS to 3PL Systems.").  As this Court held, the law was clear -
6   an implied license supported by consideration is irrevocable. *See* Dkt No. 75 (MSJ
7   Order) at p. 12-15. As such, Mitchell's claim of copyright infringement against 3PL
8   was frivolous based on the facts he plead in his own complaint.

9   　　　However, the Court's summary judgment determination became moot after the
10  jury determined that 3PL, not Mitchell, was the owner of the TMS Software.  *See* Park
11  Decl, Ex A (Verdict Form). Since the jury determined that Mitchell did not own the
12  software at issue, his claim for copyright infringement would have failed irrespective
13  of the Court's summary judgment determination. Because Mitchell's affirmative
14  claims for copyright infringement were defeated not once (by way of summary
15  judgment), ***but essentially twice*** (by the jury's verdict regarding ownership of the
16  TMS Software), his action was objectively unreasonable and frivolous.  "Such
17  unreasonableness alone is sufficient to support an award of attorney's fees." *Figure*
18  *Eight Holdings, LLC,* 2011 WL 5839655 *1 (citing *Entertainment Research Group v.*
19  *Genesis Creative Group*, 122 F.3d 1211, 1229 (9th Cir. 1997)).  Indeed the Court's
20  grant of summary judgment in favor of 3PL favors a finding of the unreasonableness
21  of Mitchell's affirmative copyright claims.  *See e.g., Figure Eight Holdings, LLC,*
22  2011 WL 5839655 *1.

23  　　　Moreover, as discussed above, 3PL was not merely successful in defeating
24  Mitchell's affirmative claim for copyright infringement; it was victorious in its own
25  claim of infringement against Mitchell and Trinnos.  Indeed, the jury determined that
26  Mitchell's and Trinnos' infringement of 3PL's copyright in the TMS Software was
27  willful. This finding alone can support an award of fees in favor of 3PL.  *See e.g.,*
28  *Chi-Boy Music v. Charlie Club, Incorp.*, 930 F.2d 1224, 1230 (7th Cir. 1991) ("We

1    begin by noting that a finding of willful infringement will support an award of

2    attorney's fees"); *Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*, 269

3    F.Supp.2d 118, 124 (W.D.N.Y. 2002) ("such willful infringement justify [sic] the

4    award of attorneys fees . . .."); *Microsoft Corp. v. McGee*, 490 F.Supp.2d 874,  883

5    (S.D. Ohio 2007); *Lauratex Textile Corp v. Allton Knitting Mills Inc.*, 517 F.Supp.

6    900, 904 (S.D. N.Y. 1981).

7              **2.    <u>Motivation</u>**

8              Another factor that the courts consider is whether the party had bad faith or an

9    improper motive in bringing or pursuing the action.  *Fantasy, Inc.,* 94 F.3d at 558.

10   Courts generally hold that a finding of bad faith can be based on actions that led to the

11   lawsuit as well as the conduct of the litigation.  *Hall v. Cole*, 412 U.S. 1, 15, 93 S.Ct.

12   1943, 36 L.Ed.2d 702 (1973).

13             **a.    3PL's Motivation Was Proper**

14             Here, 3PL's motivation in bringing its Cross-Complaint was to protect its

15   copyright and TMS Software. 3PL first received notice that Mitchell was claiming

16   ownership rights to 3PL's TMS Software when 3PL was served with Mitchell's

17   complaint.  *See* Dkt 55-9 (Declaration of Meskin in support of 3PL's MSJ) at p 7, ¶

18   30. Immediately thereafter, 3PL filed its Cross-Complaint (and amendments threto),

19   in order to protect its rights to its TMS Software. 3PL's motivation directly

20   corresponds to the purposes of the Copyright Act, which is the discourage

21   infringement and protect the rights of copyright holders. *Fogerty*, 510 U.S. at 526; *See*

22   *also Fogerty*, 510 U.S. at 535 n. 19 ("[T]he court should remain faithful to the

23   purposes of the Copyright Act, which include the discouraging of infringement and

24   the enriching of the public through access to creative works.").  As such, 3PL's

25   motivation was proper and valid.

26             **b.    Mitchell's Motivation Was Improper and Willful**

27             Here, it is clear that Mitchell's motivation in both his affirmative claim of

28   copyright infringement and his defense of 3PL's claims was improper.  Mitchell left

1  3PL, made a direct copy of 3PL's TMS Software and then sued 3PL claiming he was
2  the one "true owner" of the TMS Software and attempted to shut 3PL down.  *See* Dkt
3  75 (MSJ Order) at p. 3 (background facts regarding Mitchell's terminating
4  employment with 3PL and filing lawsuit).  Mitchell then started a competing
5  company, marketed the TMS Software as his own, sent out emails to customers
6  claiming ownership of the TMS Software, raided 3PL's clients and employees, and
7  started marketing and selling 3PL's TMS Software. *See* Dkt 54-3 at p 4, ¶ 16
8  (Declaration of Mitchell in support of his motion for summary judgment). This is
9  quintessential bad faith and improper motive.  *See e.g., Maljack*, 81 F.3d at 889
10  (noting that plaintiff was using the lawsuit "to secure a competitive advantage" so
11  motivation was improper.)

### 3.   <u>Objective Reasonableness</u>

13  Another factor is objective reasonableness of the losing party's claims and
14  defenses. Courts evaluate the objective reasonableness of the claims, "both in the
15  factual and in the legal components of the case." *Perfect 10, Inc. v. CCBill LLC*, 488
16  F.3d 1102, 1120 (9th Cir.2007). To do so, courts consider whether a plaintiff has
17  pleaded any facts that would somehow connect a defendant to the alleged claims. *See,*
18  *e.g., Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir.2010).

#### a.   **3PL's Claims Are Objectively Reasonable**

20  Here, 3PL has pleaded facts that would connect Cross-Defendants to the
21  alleged claims. 3PL received a valid copyright for its TMS Software that was at issue
22  in its copyright claims. The jury determined that Mitchell and Trinnos both ***willfully***
23  infringed and copied 3PL's TMS Software.  Indeed, as this Court has consistently
24  noted, the evidence was clear that Mitchell and Trinnos merely copied 3PL's TMS
25  Software and marketed it as their own.  Moreover, the jury rejected Mitchell's claims
26  of ownership of the TMS Software and awarded all pertinent versions to 3PL.  As
27  such, Mitchell's claims of infringement against 3PL were twice defeated – once on the
28  summary judgment stage - and then undeniably defeated by the jury's verdict.

1    Thus, this factor weighs in favor of awarding attorneys' fees to 3PL.

2              **b.    Mitchell's Claims Lack Objective Reasonableness**

3          Here, Mitchell's claims of infringement lacked objective reasonableness as this

4    Court found in ruling against Mitchell on summary judgment.  Indeed, Mitchell

5    pursued his claim of infringement against 3PL even though he pleaded the existence

6    of an implied license between himself and 3PL. And, as this Court noted in its Order

7    on the parties' respective motions for summary judgment, it is the law that an implied

8    license supported by consideration is irrevocable.  As such, Mitchell's affirmative

9    claims of infringement lacked any objective reasonableness from the onset based on

10   easily identifiable case law and pertinent authority.  *See e.g. Figure Eight Holding*,

11   2011 WL 5839655 at * 1 (finding that the plaintiff's claim was unreasonable because

12   it was clear that the defendant was not infringing on the plaintiff's intellectual

13   property). Because 3PL defeated Mitchell's claims on summary judgment, the Court

14   should award 3PL its attorneys' fees. *See Williams v. Crichton*, 891 F.Supp. 120, 122

15   (S.D.N.Y.1994)(awarding fees solely because losing party's claims defeated by

16   summary judgment were objectively unreasonable); *Screenlife Establishment v.*

17   *Tower Video, Inc*., 868 F.Supp. 47, 52 (S.D.N.Y.1994)(holding that "a prevailing

18   defendant may secure attorneys' fees, pursuant to 17 U.S.C. § 505, once the court

19   finds that the plaintiff's claim was objectively unreasonable; bad faith or frivolousness

20   is not a prerequisite to an award of fees").

21            **4.    <u>There Exists A Need For Compensation and Deterrence</u>**

22         Finally, courts evaluate whether granting attorneys' fees would advance

23   considerations of compensation and deterrence.  *Fantasy, Inc*., 94 F.3d at 557.

24         Here, an award of attorneys' fees in favor of 3PL will further the policies of the

25   Copyright Act.  This is the case because 3PL was successful both in its affirmative

26   claims of copyright infringement against Mitchell and Trinnos and in its defense (on

27   summary judgment) of Mitchell's claims of infringement against 3PL.  Attorney's

28   fees may be awarded for many reasons other than simply making a prevailing party

1   whole.  *Chi-Boy Music*, 930 F.2d at 1230.  Fees may be awarded to encourage the

2   assertion of colorable copyright claims and deterring infringement.  *Id.*

3   Moreover, "the Ninth Circuit has acknowledged that a successful defense of a

4   copyright infringement action 'may further the policies of the Copyright Act every bit

5   as much as a successful prosecution of an infringement claim …'" *Identity Arts v.*

6   *Best Buy Enterprise Services, Inc.*, 2008 WL 820674 *3 (N.D. Cal. 2008) *quoting*

7   *Fantasy, Inc.*, 94 F.3d at 558; *see also Bernal v. Paradigm Talent and Literary*

8   *Agency*, 2010 WL 6397561 *3 (C.D. Cal. 2010) ("the award [of attorney's fees] also

9   serves the purpose of deterrence, in that it helps to prevent the filing of similarly

10  meritless copyright actions by would-be plaintiffs.").  Here the jury found that

11  Mitchell and Trinnos willfully infringed 3PL's copyrighted software, and awarded

12  monetary damages to 3PL.  This Court's award of 3PL's attorneys' fees would

13  support the Copyright Act's policies to encourage copyright claims and to deter

14  willful infringement.  It would also deter frivolous and unmeritorious claims by

15  would-be plaintiffs – such as Mitchell.

16              **5.    <u>Balance of Factors</u>**

17  The Court has discretion in awarding reasonable attorneys' fees for a prevailing

18  party.  *Cadkin v. Loose*, 569 F.3d 1142, 1147 (9th Cir. 2009).  For the reasons stated

19  above the Court should exercise its discretion and find that the five factors weigh in

20  favor of granting 3PL's Motion for Attorneys' Fees.

21              **6.    <u>Equitable Factors</u>**

22  There are also compelling equitable reasons to award 3PL its attorneys' fees. A

23  fee award would account for this lawsuit's detrimental impact on 3PL's sales, as well

24  as the economic benefit that Cross-Defendants may have obtained by distracting its

25  primary competitor with litigation.  *See Mattel, Inc. v. MGA Entertainment, Inc.,* 2011

26  WL 3420603 *2 (C.D. Cal. 2011)(citing *Fogerty*, 94 F.3d at 556)("Further, the district

27  court found that a fee award was appropriate to help restore to Fogerty some of the

28  lost value of the copyright he was forced to defend.").  3PL's defense of its

copyrighted software prevailed on the merits rather than on a technical defense. *See Fogerty*, 94 F.3d at 560 (noting that copyright defendants do not always reach the merits, prevailing instead on technical defenses). Here, 3PL defended its copyright claims by prevailing on the merits in front of a jury, instead of prevailing on a technicality such as a simple statute of limitations defense.  And finally, 3PL's vigorous defense against Mitchell's claim promoted the policies served by the Copyright Act, such as protecting ideas and promoting development, instead of Cross-Defendants' motivation of stifling the competition. *See Feist Pbl'ns, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 361 (1991)("The primary objective of copyright is not to reward the labor of authors, but '[t]o promote the Progress of Science and the useful Arts.'").

## C.   3PL REQUESTS REASONABLE ATTORNEY FEES

In awarding attorney's fees in cases brought under the Copyright Act, the Ninth Circuit has not mandated that the lodestar method or comparison to market rates is required. *Kourtis v. Cameron*, 358 Fed. Appx. 863, 868 (9th Cir. 2009).  Courts have discretion to award actual attorney's fees incurred by a prevailing party, so long as such fees are reasonably incurred. *Figure Eight Holding*, 2011 WL 5839655 * 1 (citing *Kourtis*, 358 Fed. Appx. at 867).  Trial judges "are in the best position to assess the value of the professional services rendered in their courts." *Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1321 (2008).

Notwithstanding the fact that the lodestar method is not mandated - if it is used to determine a "reasonable" attorney fee award - district courts generally start by calculating the "lodestar" amount (the product of multiplying the number of hours reasonably expended on the litigation by a reasonable hourly fee). *See Hensley v. Eckerhart*, 461 US 424, 433–437 (1983).  Because the lodestar figure is presumptively reasonable, adjustments should be made only in rare cases. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  In assessing whether a departure from the lodestar calculation is warranted,

1  the court may consider the twelve factors announced in *Kerr v. Screen Guild Extras,*

2  *Inc.*, 526 F.2d 67, 70 (9th Cir.1975), to the extent those factors are not subsumed in

3  the lodestar analysis.  *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir.

4  1996).  Factors such as the novelty and complexity of a case, the quality of an

5  attorney's performance, and the results obtained should not be used to adjust the

6  lodestar calculation because such factors presumably are reflected in the billing rates

7  of counsel and the number of hours spent litigating the action.  *Perdue v. Kenny A. ex.*

8  *Rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010); *Morales*, 96

9  F.3d at 364 n. 9.  Appropriate supporting documentation includes counsel's

10 contemporaneous time and billing records and information establishing the usual and

11 customary rates in the marketplace for comparably credentialed counsel.  *Gay Officers*

12 *Action League v. Puerto Rico*, 247 F.3d 288, 295–96 (1st Cir. 2001).

13 ## 1.   <u>Number of Hours</u>

14 Here, 3PL submits the Declaration of Matthew Berliner ("Berliner Decl.") and

15 supporting exhibits attached thereto, in order to show the number of hours expended

16 by 3PL's attorneys and support staff, and their respective rates billed to 3PL. 3PL has

17 attached redacted invoices, a summary of the discounts, as well as a summary of the

18 hours billed.  Berliner Decl. ¶ 3, Ex. A (Redacted Invoices); ¶ 8, Ex. B (Summary of

19 Invoice Amounts); ¶ 9, Ex C (Summary of Hours Billed).   If the Court requires, 3PL

20 is willing to submit unredacted invoices for *in camera* review by the Court.

21 As shown in Exhibit C, 3PL invoices showed over 1,220 hours of partners'

22 time, 823.5 hours of associates' time, and 59 hours of paralegal time. Berliner Decl. ¶

23 9, Ex. C. This number of hours has already been reduced per the courtesy discounts

24 provided by 3PL's attorneys to their client. Berliner Decl. ¶ 4.

25 Thus, in good faith, 3PL has already pared down its fee request before filing

26 this Motion, in order to ensure the reasonableness in the amount of fees requested. *See*

27 Berliner Decl. ¶ 4 (writing off numerous hours as a courtesy to 3PL and giving 3PL a

28 discounted hourly rate).  Furthermore, and although not necessary, Mr. Berliner has

1   taken the liberty to winnow out the hours that he deemed only marginally connected

2   to  the parties' copyright claims. Berliner Decl. ¶ 5 (fees with gray highlighting are

3   subtracted from the requested fee amount).  3PL has reduced its requested fee amount,

4   even though 3PL is entitled to such fees, because the work reflected in 3PL's invoices

5   involved a common core of facts and related legal theories that aided with the ultimate

6   claims at trial.  Berliner Decl. ¶ 6; *See Twentieth Century Fox Film Corp. v.*

7   *Entertainment Distributing*, 429 F.3d 869, 884 (9th Cir. 2005)(fees may include fees

8   associated with other claims if claims involve a common core of facts or are based on

9   related legal theories, such as claims predicated on ownership of the copyright).

10      And finally, the number of attorneys working on this litigation was reasonable.

11   During the majority of this litigation, this case was managed by one partner, and

12   assisted by one associate.  Berliner Decl. ¶ 11 (Stating that Mr. Berliner and Ms. Park

13   were the main attorneys on this case). During trial, 3PL had generally two to three

14   attorneys at counsel table throughout the course of trial. Berliner Decl. ¶ 17.

15   Meanwhile, Cross-Defendants' had four attorneys at counsel table throughout the

16   entire two-week trial. Berliner Decl. ¶ 17. Thus, the number of attorneys working on

17   3PL's case was reasonable.

18              **2.      <u>Hourly Rate</u>**

19      3PL also provides evidence of a reasonable hourly rate. "Affidavits of the

20   plaintiffs' attorney and other attorneys regarding prevailing fees in the community,

21   and rate determinations in other cases, particularly those setting a rate for the

22   plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United*

23   *Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990).

24   While the usual hourly rate for attorneys in the Central District ranges from $200-450

25   an hour, 3PL's experienced attorneys billed at discounted rates ranging from $225 -

26   $375 an hour.  Berliner Decl. ¶ 11-15 (describing 3PL attorneys' experience and

27   customary billing rates); ¶ 16 (describing local attorneys' prevailing fees).

28

3PL's requested amount of fees of $546,347.11 is also reasonable in the light of both the lodestar amount, and 3PL's awarded monetary and non-monetary relief (i.e., the permanent injunction). *See Hensley*, 461 U.S. at 436. Here, the lodestar amount is $641,845.00, which reflects the actual time expended by 3PL's attorneys, and the billed hourly rate. Berliner Decl. ¶ 9, Ex C. 3PL is seeking about $100,000.00 less than the lodestar amount. Also, the jury awarded a verdict in 3PL's favor for over $2 million.[2] Park Decl., Ex. A. And, 3PL was also successful in obtaining a permanent injunction, which can be deemed even more valuable than a monetary award. *See Spooner v. EEN, Inc*. 644 F.3d 62, 69 (1st Cir. 2011). 3PL's attorneys' fees request of $546,347.11 is more than reasonable in light of these considerations. Moreover, on April 22, 2013, after the preparation of this Motion was complete, Cross-Defendants' counsel informed 3PL's counsel that Cross-Defendants were filing a Motion to Stay enforcement of the judgment and the permanent injunction. This will only add to 3PL's fees as it is forced to oppose this new motion by Cross-Defendants.

### 3.   Fees For This Motion

3PL is further seeking fees incurred in preparing this Motion for Attorneys' Fees. Attorney fee awards generally include the time spent preparing and litigating a motion to obtain a fee award ("fees on fees"). *Camacho v. Bridgeport Financial*, *Inc*., 523 F3d 973, 981(9th Cir. 2008). "Despite a district court's discretion in determining the amount of a fee award, it "must calculate awards for attorneys' fees using the 'lodestar' method." *Id*. at 982. Here, 3PL's attorneys spent a total of 18.4 hours (11.5 hours for Mr. Berliner, and 6.9 hours for Ms. Park) on this motion, and estimates an additional 10 hours in drafting the Opposition and attending the hearing for this motion. Berliner Decl. ¶ 18. The hourly rate sought is $ 225 for associate time and $325 for partner time. *See* Berliner Decl. ¶ 11 (describing partners and associates'

---

[2] This amount was subsequently reduced by the Court, to approximately $1.4 million. Dkt 218.

rates). Thus, the lodestar amount for 3PL's fees on fees is $9,632.50. Berliner Decl. ¶ 18.

**V.    CONCLUSION**

For the foregoing reasons, 3PL respectfully request that the Court grant its Motion for Attorneys' Fees for an Order for Cross-Defendants to pay the amount of $546,347.11 for 3PL's attorneys fees incurred in this litigation, and $ 9,632.50 for 3PL's attorneys fees incurred by this Motion, for a total of $**555,979.60.**  Berliner Decl. ¶ 19.


DATED:  April 22, 2013                    BROWN, WEGNER & BERLINER LLP


                                          By:    /s/ Janet S. Park
                                          _____
                                          William J. Brown, Jr.
                                          Matthew A. Berliner
                                          Matthew K. Wegner
                                          Janet S. Park

                                          Attorneys for Defendant & Cross-Complainant
                                          3PL SYSTEMS, INC.

1

## **CERTIFICATE OF SERVICE**

2

3        The undersigned hereby certifies that all counsel of record who are deemed

4   to have consented to electronic service of documents are being served with a copy

5   of the foregoing document and its attachments and accompanying documents via

6   the Court's CM/ECF system per Local Rules.

7

8

9                                    /s/ Janet S. Park

10                                   JANET S. PARK

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28